HANSON BRIDGETT LLP
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
WINSTON K. HU, SBN 306677
whu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

Rhonda S. Goldstein #250387 *(Counsel for Service)*
rhonda.goldstein@ucop.edu
Shondella M. Reed #249039
University of California
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone: 510-987-9800
Facsimile: 510-987-9757

*Attorneys for Defendant*
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cara O'Callaghan and Jenée Misraje, | Case No. 2:19-cv-02289-JVS (DFMx) |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS** |
| v. | |
| Regents of the University of California; Teamsters Local 2010; and Xavier Becerra, in his official capacity as Attorney General of California, | Date:     September 9, 2019<br>Time:     1:30 p.m.<br>Crtrm.:   10C<br>Judge:   Hon. James V. Selna |
| Defendants. | |

Case No. 2:19-cv-02289-JVS (DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

15519443.3

# **TABLE OF CONTENTS**

Page

I.     INTRODUCTION ............................................................................................. 1

II.    ALLEGED FACTS ........................................................................................... 1

III.   LEGAL STANDARD ........................................................................................ 2

IV.    ARGUMENT ................................................................................................... 2

   A.   Plaintiffs' Claims Against The University Are Completely
        Barred By The Eleventh Amendment And Must Be Dismissed
        For Lack Of Subject Matter Jurisdiction Pursuant To FRCP
        12(b)(1) And/Or 12(b)(6). ....................................................................... 2

   B.   Plaintiffs' Suit Arises Out Of A Dispute With Their Union Over
        Issues Within The Exclusive Jurisdiction Of PERB And Must Be
        Dismissed As Against The University Under FRCP 12(b)(1) ............... 5

   C.   All Claims Against The University Are Subject To Dismissal
        Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union
        Members Who Authorized Payroll Deductions. ..................................... 8

V.     CONCLUSION ................................................................................................ 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

## Cases

*AFSCME Local 3299 v. The Regents of Univ. of California,*
  PERB Dec. No. 2300-H at pp. 14-15 (December 20, 2012) ................................. 7

*Alabama v. Pugh,*
  438 U.S. 781 (1978) ........................................................................................ 4

*Anderson v. California Faculty Assn.,*
  25 Cal. App. 4th 207 (1994) ............................................................................. 7

*Armstrong v. Meyers,*
  964 F.2d 948 (9th Cir. 1992) ......................................................................... 4, 5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................ 2

*Associated Students of University of California at Santa Barbara v.*
  *Regents of University of California,*
  No. C 05-04352 SI, 2007 WL 196747 (N.D. Cal. Jan. 23, 2007) ........................ 5

*Babb v. Cal. Teachers Ass'n,*
  ___ F. Supp. 3d ___, 2019 WL 2022222 (C.D. Cal. May 8, 2019) ...................... 8

*Belgau v. Inslee,*
  359 F. Supp. 3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) ................................... 9

*Bell Atlantic Corp. v. Twombly,*
  500 U.S. 554 (2007) ........................................................................................ 2

*BV Eng'g v. Univ. of California, Los Angeles,*
  858 F.2d 1394 (9th Cir. 1988) ..................................................................... 3, 4, 5

*Campbell v. The Regents of Univ. of California,*
  35 Cal. 4th 311 (2005) .................................................................................... 3

*Cooley v. Cal. Statewide Law Enforcement Ass'n,*
  No. 2:18-cv-02961-JAM-AC, 2019 WL 331170 (E.D. Cal. Jan. 25,
  2019) ............................................................................................................. 9

15519443.3

*Doe v. Lawrence Livermore Nat. Lab.*,
 131 F.3d 836 (9th Cir. 1997) ................................................................ 5

*El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*,
 33 Cal. 3d 946 (1983) ......................................................................... 7

*Ishimatsu v. The Regents*,
 266 Cal. App. 2d 854 (1968) ................................................................ 3

*In re Jackson*,
 184 F.3d 1046 (9th Cir. 1999) ............................................................ 3

*Jackson v. Hayakawa*,
 682 F.2d 1344 (9th Cir. 1982) ........................................................ 4, 5

*Janus v. Associated Federation of State, County, and Municipal
  Employees, Council 31*,
 138 S. Ct. 2448 (2018) ............................................................. 1, 8, 9

*Leek v. Washington Unified School Dist.*,
 124 Cal. App. 3d 43 (1981) ................................................................ 7

*Link v. Antioch Unified School Dist.*,
 142 Cal. App. 3d 765 (1983) .............................................................. 7

*Mitchell v. Los Angeles Cmty. Coll. Dist.*,
 861 F.2d 198 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081 (1989) ........................ 4

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) .............................................................. 2

*Pennhurst State School & Hosp. v. Halderman*,
 465 U.S. 89 (1984) ......................................................................... 3, 4

*The Regents of Univ. of California v. City of Santa Monica*,
 77 Cal. App. 3d 130 (1978) ................................................................ 3

*The Regents of Univ. of California v. Pub. Employment Relations Bd.*,
 168 Cal. App. 3d 937 (1985) .............................................................. 6

*Robles v. In Name of Humanity We Refuse to Accept a Fascist America,
  et al.*,
 No. 17-cv-04864-CW, 2018 WL 2554740 (N.D. Cal. June 4, 2018) ............... 4, 5

15519443.3

*San Diego Mun. Employees Assn. v. Superior Court,*
 206 Cal. App. 4th 1447 (2012) ...................................................................... 7

*Sato v. Orange County Dept. of Ed.,*
 861 F3d 923 (9th Cir. 2017) .......................................................................... 2

*Saul v. United States,*
 928 F.2d 829 (9th Cir. 1991) .......................................................................... 2

*Smith v. Superior Court,*
 No. 3:18-cv-5472-VC, 2018 WL 6072806 (N.D. Cal. Nov. 16,
 2018) ................................................................................................................ 9

*State of Missouri v. Fiske,*
 290 U.S. 18 (1933) .......................................................................................... 4

*Stevenson v. Los Angeles Unified School District*
 No. CV096497ODWPLAX, 2010 WL 11596479 (C.D. Cal. June
 28, 2010) .......................................................................................................... 7

*Welch v. State Dep't of Highways & Public Transp.,*
 483 U.S. 468, 107 S. Ct. 2941, 97 L.Ed.2d 389 (1987) ................................ 3

*Will v. Michigan Dep't of State Police,*
 491 U.S. 58 (1989) .......................................................................................... 3

**<u>Statutes</u>**

42 U.S.C. § 1983 ............................................................................................. 2, 3, 4

Cal. Gov't Code § 1150(f) ........................................................................................ 8

Cal. Gov't Code § 1157.12 ...................................................................................... 8

Cal. Gov't Code § 3560 ........................................................................................ 5, 6

Cal. Gov't Code § 3563 ........................................................................................ 5, 6

Cal. Gov't Code § 3563.2 .......................................................................................... 6

Cal. Gov't Code § 3571(b) ...................................................................................... 8

Cal. Gov't Code § 3571(c) ...................................................................................... 8

Cal. Gov't Code § 3571.1(f) ................................................................................. 6, 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

Cal. Gov't Code § 3571.1(g) ......................................................................... 6, 8

Cal. Gov't Code § 3578 ..................................................................................... 5

**<u>Other Authorities</u>**

Cal. Const., art. IX, § 9, subd. (a) .................................................................... 3

Federal Rule of Civil Procedure 12(b)(1) .............................................. 1, 2, 5

Federal Rule of Civil Procedure 12(b)(6) .............................................. 1, 2, 8

U.S. Const. Amend. XI .............................................................*passim*

-v-                                    Case No. 2:19-cv-02289-JVS (DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

15519443.3

# I.    INTRODUCTION

Defendant The Regents of the University of California (the "University") requests that the Court dismiss the Complaint of Plaintiffs Cara O'Callaghan and Jenée Misraje ("Plaintiffs")[1] against the University because the Court lacks subject matter jurisdiction, and because Plaintiffs have failed to state a claim upon which relief can be granted.  The Plaintiffs' real dispute here is with the Union, not against the University.  First, the University is an "arm of the state" and entitled to sovereign immunity from lawsuits under the Eleventh Amendment.  Second, the California Public Employment Relations Board has exclusive jurisdiction over Plaintiffs' claims.  Third, Plaintiffs have failed to state a claim against the University upon which relief can be granted because they voluntarily authorized payroll deductions; as a result, United States Supreme Court's decision in *Janus v. Associated Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not apply here.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), Plaintiffs' Complaint must be dismissed in its entirety against the University.

# II.    ALLEGED FACTS

Plaintiff O'Callaghan alleges that she joined the Union on May 31, 2018, by signing an application to join the Union and authorizing the deduction of union dues from her paycheck.  (Compl. ¶16.)  Plaintiff Misraje alleges that, on July 27, 2015, she signed an application to join the Union and authorized the deduction of union dues from her paycheck.  (Compl. ¶26.)

Plaintiffs allege that they requested that their union membership be terminated, but the Union responded that, although they were free to resign their membership at any time, payroll deductions would continue until and unless they gave notice

---

[1] Plaintiffs' Complaint is attached hereto as Exhibit 1, pursuant to Standing Order J. of Judge James V. Selna, pertaining to Motions under FRCP Rule 12.

1    pursuant to the terms of their union applications.  (Compl. ¶¶17, 18, 27-28, 31, 39.)

2    Plaintiffs allege that, consistent with the Union's direction, the University has

3    continued to deduct union dues from their paychecks.  (Compl. ¶¶24, 41.)

### III.   LEGAL STANDARD

5        The Court must dismiss a case when it lacks subject matter jurisdiction or when

6    the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

7    12(b)(1), 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of

8    claims that are preempted or barred due to the defendant's immunity. *Saul v. United*

9    *States*, 928 F.2d 829, 843 (9th Cir. 1991); *see Sato v. Orange County Dept. of Ed.*,

10   861 F3d 923, 927, fn. 2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-

11   jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6)

12   motion.").

13       Federal Rule of Civil Procedure 12(b)(6) requires dismissal where the plaintiff

14   fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell*

15   *Atlantic Corp. v. Twombly*, 500 U.S. 554, 570 (2007).  While courts must accept the

16   material facts alleged in the complaint, along with all reasonable inferences to be

17   drawn from those facts, as true, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001),

18   "the tenet that a court must accept a complaint's allegations as true is inapplicable to

19   . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.   ARGUMENT

22   **A.   Plaintiffs' Claims Against The University Are Completely Barred By The**
23   **Eleventh Amendment And Must Be Dismissed For Lack Of Subject**
     **Matter Jurisdiction Pursuant To FRCP 12(b)(1) And/Or 12(b)(6).**

24

25       Plaintiffs' claims against the University for alleged violation of First

26   Amendment rights are brought under 42 U.S.C. Section 1983.  (Compl. ¶¶6, 43.)

27   Specifically, Plaintiffs seek declaratory and injunctive relief against the University

28   pursuant to Section 1983, which creates a federal right of action against "[e]very

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

15519443.3

person" who, under color of law, deprives a person of federal constitutional rights. *See* Compl. ¶¶ 51, 76, 84; 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989).  However, all claims against the University are barred by the University's Eleventh Amendment sovereign immunity.  Under established Ninth Circuit precedent, sovereign immunity issues must be addressed before the merits of the case.  *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999).

The Eleventh Amendment to the United States Constitution provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  "Although the amendment does not by its terms prohibit an action against a state by one of the state's own citizens, the Supreme Court has recognized such a prohibition."  *BV Eng'g v. Univ. of California, Los Angeles*, 858 F.2d 1394, 1395 (9th Cir. 1988) (citing *Welch v. State Dep't of Highways & Public Transp.*, 483 U.S. 468, 107 S. Ct. 2941, 2945, 97 L.Ed.2d 389 (1987)).  That is, states and governmental entities are considered "arms of the state" immune from suits brought in federal court under the Eleventh Amendment and are not "persons" subject to suit under Section 1983.  *Will*, 491 U.S. at 70-71; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-101, 104 (1984).  As a result, federal courts do not have jurisdiction over suits against the state.  *In re Jackson*, 184 F. 3d at 1048.

Here, the California Constitution establishes The Regents of the University of California as a "public trust ... with full powers of organization and government."  Cal. Const., art. IX, § 9, subd. (a).  Based on its unique constitutional status, the University has long been recognized as a constitutionally created arm of the state.  *Campbell v. The Regents of Univ. of California*, 35 Cal. 4th 311, 320-321 (2005); *The Regents of Univ. of California v. City of Santa Monica*, 77 Cal. App. 3d 130, 135 (1978) ("The Regents have been characterized as 'a branch of the state itself' [citation] or 'a statewide administrative agency'"); *Ishimatsu v. The Regents*, 266 Cal.

App. 2d 854, 863-865 (1968) (the University is a statewide administrative agency with powers derived from the California Constitution).

As aptly stated, "[t]he Ninth Circuit has ruled on multiple occasions that '[T]he Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983.'" *Robles v. In Name of Humanity We Refuse to Accept a Fascist America, et al.*, No. 17-cv-04864-CW, 2018 WL 2554740, at *3 (N.D. Cal. June 4, 2018) (citing *Armstrong v. Meyers*, 964 F.2d 948, 949-950 (9th Cir. 1992); *BV Eng'g*, 858 F.2d at 1395). Accordingly, it is well settled that "'the University of California and [t]he Board of Regents are considered to be instrumentalities of the state,' and therefore enjoy the same immunity as the state of California." *BV Eng'g*, 858 F.2d at 1395 (9th Cir. 1988) (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982)). Thus, it has long been recognized that the University is entitled to sovereign immunity under the Eleventh Amendment. *See id.*

This immunity applies to actions for equitable relief, as well as to actions for money damages. *Halderman*, 465 U.S. at 100-101, 104. The Supreme Court has explained that Eleventh Amendment immunity is a "jurisdictional bar [which] applies regardless of the nature of the relief sought." *Id.* (citing *State of Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] [A]mendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a state")).

In other words, "[u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081 (1989) (citing *Halderman*, 465 U.S. at 100-101, 104, and *Alabama v. Pugh*, 438 U.S. 781 (1978)). Based on controlling Ninth Circuit precedent, there is no question that the University is an arm of the state for Eleventh

-4-

Case No. 2:19-cv-02289-JVS (DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO DISMISS

15519443.3

Amendment purposes; is not a "person" within the meaning of section 1983; and is therefore immune to Plaintiffs' Section 1983 claims. *See Armstrong*, 964 F.2d at 949-950; *BV Eng'g*, 858 F.2d at 1395; *Jackson*, 682 F.2d at 1350; *Doe v. Lawrence Livermore Nat. Lab*., 131 F.3d 836, 839 (9th Cir. 1997); *see also, Robles*, 2018 WL 2554740, at *3; *Associated Students of University of California at Santa Barbara v. Regents of University of California*, No. C 05-04352 SI, 2007 WL 196747, at *3 (N.D. Cal. Jan. 23, 2007).

**B.      Plaintiffs' Suit Arises Out Of A Dispute With Their Union Over Issues Within The Exclusive Jurisdiction Of PERB And Must Be Dismissed As Against The University Under FRCP 12(b)(1).**

Not only are Plaintiffs' claims against the University barred by the Eleventh Amendment, but because their allegations of improper dues and scope of the Union's representation arise out of, and would form the basis for, unfair practice allegations against the Union under the Higher Education Employer-Employee Relations Act ("HEERA"), this lawsuit falls within the exclusive jurisdiction of the California Public Employment Relations Board ("PERB" or the "Board"). As such, Plaintiffs' suit must be dismissed against the University.

The University is a higher education employer pursuant to HEERA, the statute that grants collective bargaining rights to employees in the California State University and the University of California systems. Cal. Gov't Code § 3560 et seq. HEERA requires that any exclusive representative treats all these employees in the bargaining unit, whether union members or non-members, "fairly and impartially." Cal. Gov't Code § 3578.

PERB is the administrative agency charged with administering the provisions of HEERA. Cal. Gov't Code § 3563. "In enacting HEERA, the Legislature, after noting that all other employees of the public school systems in the state had been granted the opportunity for collective bargaining, found it desirable to expand the jurisdiction of the Board [PERB] to cover the employees of the University of

-5-

1   California, Hastings College of the Law, and the California State University." *The*
2   *Regents of Univ. of California v. Pub. Employment Relations Bd.*, 168 Cal. App. 3d
3   937, 943 (1985).  PERB was established with exclusive jurisdiction to adjudicate
4   unfair labor practice charges:  "The initial determination as to whether the charges of
5   unfair practices are justified, and, if so, what remedy is necessary to effectuate the
6   purposes of this chapter, shall be a matter within the exclusive jurisdiction of the
7   board."  Cal. Gov't Code § 3563.2.

8        PERB has been granted extensive powers to implement HEERA, which
9   includes unfair practice claims brought against employee organizations, including
10   unions.  For example, under HEERA, it is unlawful for an employee organization to
11   require employees to pay fees "in an amount which the board finds excessive or
12   discriminatory under all the circumstances."  Cal. Gov't Code § 3571.1(f).  It also is
13   unlawful for an employee organization to "[c]ause, or attempt to cause, an employer
14   to pay or deliver, or agree to pay or deliver, any money or other thing of value, in the
15   nature of an exaction, for services which are not performed or are not to be
16   performed."  Cal. Gov't Code § 3571.1(g).

17        Plaintiffs' allegations fall squarely within the purview of HEERA.  They allege
18   that the Union continues to charge them dues in an unfair or excessive manner, and
19   they further allege that the Union has caused the employer (the University) to deliver
20   the payment of union dues for services that Plaintiffs do not want performed –
21   allegations that would sound in unfair practice charges against the Union under
22   HEERA.  *See* Cal. Gov't Code § 3571.1(f), (g).

23        PERB clearly has jurisdiction over allegations about improper or excessive fees
24   charged by unions relating to union membership, as well as allegations regarding the
25   scope of union representation.  *See* Cal. Gov't Code § 3560 (describing HEERA's
26   broad scope over labor relations issues involving University employees ); Cal. Gov't
27   Code § 3563 (specifying PERB powers to determine disputed cases involving
28   representation); Cal. Gov't Code § 3578 (setting forth union's duty of fair

-6-

representation); *see also Anderson v. California Faculty Assn.*, 25 Cal. App. 4th 207, 211 (1994) (declaring that PERB has exclusive jurisdiction to determine unfair labor practice claims in suit against union defendants over breach of the duty of fair representation).

Furthermore, "[t]he mere fact that constitutional rights may be implicated or have some bearing on this dispute" does not divest the Board of its jurisdiction. *San Diego Mun. Employees Assn. v. Superior Court*, 206 Cal. App. 4th 1447, 1458, 1460 (2012) (claims seeking injunctive relief do not divest PERB of jurisdiction); see also, *AFSCME Local 3299 v. The Regents of Univ. of California*, PERB Dec. No. 2300-H, at pp. 14-15 (December 20, 2012) (citing *Leek v. Washington Unified School Dist.*, 124 Cal. App. 3d 43, 53 (1981) (Legislature intended that PERB exercise jurisdiction over matters that could be unfair practices or other violations of EERA, even if the claims also alleged constitutional violations) and *Link v. Antioch Unified School Dist.*, 142 Cal. App. 3d 765, 769 (1983) (same)).

Simply put, PERB's jurisdiction may be at issue even if the claims are not alleged as unfair practice charges. For instance, in *Stevenson v. Los Angeles Unified School District*, this Court dismissed an assortment of claims filed in the Central District because the dispute alleged could have constituted unfair practices over which PERB has exclusive jurisdiction. No. CV096497ODWPLAX, 2010 WL 11596479, at *3-4 (C.D. Cal. June 28, 2010). Similarly, in *El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*, 33 Cal. 3d 946, 952-960 (1983), the California Supreme Court dismissed a tort suit for lack of jurisdiction based on the preemption doctrine because the claims arose out of alleged actions within PERB's exclusive jurisdiction. The Supreme Court invoked the preemption doctrine because the controversy presented to the court would require a decision as to whether the district had engaged in unfair labor practices, even though the claims were not alleged as such. *Id.* at 959.

So too, here. The real dispute lies between Plaintiffs and the Union. Plaintiffs' claims arise out of two simple issues: (1) the Union's refusal to terminate the

-7-

1    continued collection of union dues from Plaintiffs; and (2) the scope and extent of the

2    Union's ability to serve as the exclusive representative of Plaintiffs.  At its essence,

3    Plaintiffs' suit sounds in alleged unfair practice charges against the Union under

4    HEERA.  Cal. Gov't Code § 3571.1(f), (g).  Accordingly, the allegations fall within

5    the purview of PERB's exclusive jurisdiction, and are improperly brought against the

6    University in this forum.

7    **C.     All Claims Against The University Are Subject To Dismissal Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union Members Who Authorized Payroll Deductions.**

8

9           State law requires the University to recognize the Union as the exclusive

10   representative for bargaining unit members, to deduct union dues from their

11   paychecks, and to rely on information provided by the employee organization

12   regarding whether deductions for an employee organization were properly canceled

13   or changed…."  Cal. Gov't Code §§ 1150(f); 1157.12; 3571(b), (c).

14          Plaintiffs challenge the constitutionality of these statutes on the grounds that

15   the United States Supreme Court's decision in *Janus v. Associated Federation of*

16   *State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018)

17   prohibits the state employer's deduction of dues from employees' paychecks absent

18   their consent.  Yet, *Janus* does not require state employers to cease deductions for

19   employees who had voluntarily entered into contracts to become dues-paying union

20   members.  To the contrary, such employees remain subject to the terms of those

21   agreements under the laws governing contract formation and enforcement.  Indeed,

22   Plaintiffs' claimed injuries arise not from either the University's actions or from the

23   state laws they challenge in this lawsuit – instead, they arise from Plaintiffs' own

24   voluntary decision to join the Union and authorize payroll deductions.

25          Several federal district courts, including courts in the Northern, Eastern, and

26   Central Districts of California, have agreed that the *Janus* decision does not entitle

27   current or former union members, similarly situated to Plaintiffs, to the relief they

28   seek.  *Babb v. Cal. Teachers Ass'n*, ___ F. Supp. 3d ___, 2019 WL 2022222, at *9

-8-                                    Case No. 2:19-cv-02289-JVS (DFMx)

1  (C.D. Cal. May 8, 2019) (granting defendants' motion to dismiss because plaintiffs

2  "voluntarily chose to pay membership dues in exchange for certain benefits");

3  *Cooley v. Cal. Statewide Law Enforcement Ass'n*, No. 2:18-cv-02961-JAM-AC,

4  2019 WL 331170, at *2 (E.D. Cal. Jan. 25, 2019) (denying motion for preliminary

5  injunction to cease deduction of union dues, because plaintiff was a union member);

6  *Smith v. Superior Court*, No. 3:18-cv-5472-VC, 2018 WL 6072806, at *1 (N.D. Cal.

7  Nov. 16, 2018) (*Janus* does not stand for the proposition that "any union member

8  can change his mind at the drop of a hat, invoke the First Amendment, and renege

9  on his contractual obligation to pay dues."); *see also Belgau v. Inslee*, 359 F. Supp.

10  3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) at 1016 ("The notion that the Plaintiffs

11  may have made a different choice if they knew 'the Supreme Court [in *Janus*] would

12  later invalidate public employee agency fee arrangements does not void' their

13  previous knowing agreements.") (citing *Cooley*, 2019 WL 331170, at *2).

14      As such Plaintiffs fail to state a claim against the University upon which relief

15  can be granted.

### V.    CONCLUSION

17      For the reasons stated above, the University requests this Court to grant its

18  Motion to Dismiss Plaintiffs' Complaint against the University, with prejudice.

19

20  DATED:  May 24, 2019                    HANSON BRIDGETT LLP

21

22

23                          By:    /s/ Gilbert J. Tsai

24                                 DOROTHY S. LIU
                                   GILBERT J. TSAI
25                                 WINSTON K. HU
                                   Attorneys for Defendant
26                                 THE REGENTS OF THE UNIVERSITY
                                   OF CALIFORNIA

27

28

# EXHIBIT 1

Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Pro Hac Vice Application to be Filed*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice Application to be Filed*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cara O'Callaghan and Jenée Misraje, <br><br> Plaintiffs, <br><br> v. <br><br> Regents of the University of California; Teamsters Local 2010; and Xavier Becerra, in his official capacity as Attorney General of California, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS** |

**INTRODUCTION**

1.     Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2.     Defendants have limited Plaintiffs' withdrawal from their governmental union to an arbitrary window of time and insist that Plaintiffs can only exercise their First Amendment rights at that time.

3.     Union dues deduction authorizations signed by government employees in California before the Supreme Court's decision in *Janus* cannot constitute affirmative consent by those employees to waive their First Amendment right not to pay union dues or fees. Union members who signed such agreements could not have freely waived their right to not join or pay a union because the Supreme Court had not yet recognized that right.

4.     Government employees also have a First Amendment right of freedom of association not to be represented in collective bargaining negotiations by a group that they disagree with. The First Amendment protects "[t]he right to eschew association for expressive purposes," *Janus*, 138 S. Ct. at 2463, and "[f]reedom of association . . . plainly presupposes a freedom not to associate." *Roberts v. United States Jaycees*, 468 U. S. 609, 623 (1984).

5.     The State of California is violating Plaintiffs' First Amendment rights to free speech and freedom of association through its laws that require employees to associate with labor unions and to require that those unions be the "exclusive representative" of all employees. Cal. Gov't Code §§ 3570, 3571.1(e), 3574, and 3578.

6.     Therefore, Plaintiffs bring this case under 42 U.S.C § 1983 and 28 U.S.C. § 2201(a), seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from their paychecks.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

**PARTIES**

7.     Plaintiff Cara O'Callaghan ("O'Callaghan") is the finance manager of the Sport Club program, employed by the Department of Recreation at the University of California, Santa Barbara ("UCSB"). She resides in Santa Barbara County, California.

8.     Plaintiff Jenée Misraje ("Misraje") is an administrative assistant employed in the Geography Department at the University of California, Los Angeles ("UCLA"). She resides in Los Angeles County, California.

9.     Defendant Regents of the University of California (the "Regents") are the governing board of the University of California system. They are sued in their official capacity. UCLA and UCSB are campuses of the University of California system overseen by the Regents. The Office of the General Counsel of the Regents is authorized to accept of service of process on the Regents at 1111 Franklin Street, 8th Floor, Oakland, California 94607 in Alameda County, California.

10.     Defendant Teamsters Local 2010 (the "Union") is a labor union with offices in this district at 9900 Flower Street, Bellflower, California 90706 in Los Angeles County, California.

11.     Defendant Attorney General Xavier Becerra (the "Attorney General") is sued in his official capacity as the representative of the State of California charged with the enforcement of state laws, including the provisions challenged in this case. His address for service of process is 300 South Spring Street, Los Angeles, California, 90013 in Los Angeles County.

**JURISDICTION AND VENUE**

12.     This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

13.     Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Central District of California. 28 U.S.C. 1391(b)(2).

**FACTS**

14.    O'Callaghan was employed by UCSB from 2000 to 2004 and has been continuously employed by UCSB since August 2009.

15.    When O'Callaghan began her latest stint of employment at UCSB, she did not join the Union but, instead, was forced to pay agency, or "fair share," fees to the Union.

16.    On May 31, 2018, a Union representative came to O'Callaghan's workplace and pressured workers to join the Union. The Union representative did not inform O'Callaghan of the impending decision in *Janus* and the important effects it would have on her rights as a public employee. O'Callaghan relied on this lack of information and signed an application joining the Union and authorizing it to deduct union dues from her paycheck.

17.    On July 25, 2018, upon learning of the *Janus* decision of June 27, 2018, O'Callaghan sent a letter to the Union resigning from the Union. The same day she sent a letter to UCSB requesting that it stop deducting union dues from her paycheck.

18.    In a letter dated July 24, 2018, the Union responded that she was free to resign her membership at any time; however, her payroll deductions would continue until and unless she gave notice pursuant to the terms of the collective bargaining agreement between the Union and UCSB. The letter did not explain what those terms were.

19.    Under the terms of the collective bargaining agreement, notice was required to be written and sent via U.S. mail to both the Union and UCSB during the thirty days prior to the expiration of their collective bargaining agreement, which would not occur until March 31, 2022.

20.    On October 16, 2018, Liberty Justice Center sent a letter to UCSB demanding that it immediately stop deducting union dues from O'Callaghan's paycheck.

21.    On October 24, 2018, UCSB referred the Liberty Justice Center letter to the Union via e-mail.

22.    On November 9, 2018, the Union confirmed to UCSB via e-mail that it should continue to deduct union dues from O'Callaghan's paycheck.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

23.    On November 29, 2018, UCSB sent a letter to Liberty Justice Center stating that it would continue to deduct union dues from O'Callaghan's paycheck.

24.    The Regents have deducted union dues and agency fees from O'Callaghan's paychecks since she began employment in 2000 and have, on information and belief, remitted those dues to the Union. The Regents continue to deduct those dues, now approximately forty-one ($41) dollars per month, despite O'Callaghan's repeated requests that the deductions be stopped.

25.    Misraje has been employed by UCLA since May 2015.

26.    On July 27, 2015, Misraje signed an application joining the Union and authorizing it to deduct dues from her paycheck.

27.    On August 8, 2018, Misraje sent a letter to the Union requesting to withdraw her union membership.

28.    On August 9, 2018, the Union responded to Misraje via e-mail that she would be dropped as a full member of the Union, but she could not end the deduction of union dues from her paycheck except during a time window. The Union did not explain to her when that time window would occur.

29.    On August 27, 2018, Misraje sent an e-mail to the Union, requesting that it immediately terminate her union membership and stop deducting union dues from her paycheck. She also sent an e-mail to UCLA, requesting it to stop deducting union dues from her paycheck.

30.    On the same day, UCLA responded that it could not grant her request because all such requests must come through the Union under California law.

31.    On the same day, the Union replied, that Misraje was no longer a member of the Union but that she could not end the deduction of union dues from her paycheck except during a time window.

32.    On October 11, 2018, Misraje, once again, sent an e-mail to the Union requesting that it withdraw her membership and stop deducting union dues from her paycheck.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

33.     On the same day, the Union responded that her membership had been terminated; however, the Union continued to receive dues deducted from her paycheck.

34.     On November 8, 2018, Misraje requested again through an e-mail to UCLA that it stop deducting union dues from her paycheck.

35.     On the same day, UCLA responded that it could not grant her request because all such requests must come through the Union under California law.

36.     On November 29, 2018, Misraje sent another e-mail to the Union requesting that it stop deducting union dues from her paycheck.

37.     On November 30, 2018, Misraje followed up the previous day's e-mail with a letter to the Union requesting that it stop deducting union dues from her paycheck. She also sent a letter to UCLA requesting the same.

38.     On December 5, 2018, UCLA sent an e-mail to Misraje rejecting her request again.

39.     On December 7, 2018, the Union responded that Misraje was free to resign her membership at any time; however, her payroll deductions would continue until and unless she gave notice pursuant to the terms of her union application.

40.     Under the terms of the union application Misraje signed on July 27, 2015, notice is required to be written and sent to both the Union and UCLA during a fifteen-day window "at least sixty (60) days, but not more than seventy-five (75) days" before the anniversary date of the signed agreement.

41.     The Regents have deducted union dues from Misraje's paychecks since she began employment in May 2015 and have, on information and belief, remitted those dues to the Union. The Regents continue to deduct those dues, now approximately fifty-three ($53) dollars per month, despite Misraje's repeated requests that the deductions be stopped.

## COUNT I: Injunction against dues deduction

42.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

43.    42 U.S.C. § 1983 provides a cause of action for injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

44.    The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. *Janus*, 138 S. Ct. at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

45.    O'Callaghan and Misraje (collectively, "Plaintiffs") do not affirmatively consent to remaining members of the Union or to having union dues or fees deducted from their paychecks by the Regents and the Union.

46.    The Regents are state actors and are deducting union dues from Plaintiffs' paychecks under color of state law.

47.    The Union is acting in concert with the Regents to collect union dues from Plaintiffs' paychecks without their consent and to prohibit Plaintiffs from withdrawing from the Union. In acting in concert with the Regents, the Union is acting under color of state law because it is utilizing the state payroll system to exact its dues and is acting pursuant to an exclusive collective bargaining agreement negotiated with a state entity.

48.    Becerra is a state actor, who is defending California laws allowing for the deduction of dues from Plaintiffs' paychecks without their affirmative consent under color of state law.

49.    Forcing Plaintiffs to be members of the Union and to pay dues or fees to the Union violates their First Amendment rights to free speech and freedom of association. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018).

50.    Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Union immediately to withdraw their membership and to stop deducting union dues or fees from their paycheck.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

51.   Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Regents immediately to stop deducting union dues from their paycheck.

52.   Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering Becerra immediately to stop defending California laws allowing for the deduction of dues from Plaintiffs' paychecks without their affirmative consent.

## COUNT II: Declaration against dues deduction

53.   The allegations contained in all preceding paragraphs are incorporated herein by reference.

54.   28 U.S.C. § 2201(a) allows a court of the United States, as a remedy, to declare the rights and other legal relations of interested parties.

55.   Plaintiffs are entitled to a declaration from this Court that deducting union dues after a government employee has requested that they stop is a violation of the First Amendment.

## COUNT III: Declaration that California dues deduction statutes are unconstitutional

56.   The allegations contained in all preceding paragraphs are incorporated herein by reference.

57.   Under California law, government employers are instructed to rely on unions to determine which employees have authorized dues deductions, and employee requests to stop deductions must be directed to the union rather than the employer. Cal. Gov't Code §1157.12.

58.   Under California law, unions may adopt reasonable provisions regarding the dismissal of members from the union.  Cal. Gov't Code § 3515.5.

59.   Under California law, unions may adopt a "maintenance of membership provision" regarding how and when government employees can withdraw from a union. Cal. Gov't Code § 3515.

60.     Under California law, government employees can be forced to remain members of a union without their consent, as long as the collective bargaining memorandum of understanding contains a "maintenance of membership" provision, which must allow employees to withdraw from the union only thirty days prior to the expiration of the memorandum by signing a withdrawal letter to the union and to the Controller. Cal. Gov't Code §§ 3513(i) and 3583.

61.     Plaintiffs are entitled to a declaration from this Court that Cal. Gov't Code §§ 1157.12, 3513(i), 3515, 3515.5, 3583, and all related provisions constitute an unconstitutional violation of their First Amendment rights to free speech and freedom of association for prohibiting their immediate withdrawal from the Union and stoppage of their dues deductions.

## COUNT IV: Refund of union dues

62.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

63.     Because Plaintiffs were not given the option of paying nothing to the Union as a non-member of the Union, they could not have provided affirmative consent to join the Union. Any consent that Plaintiffs may have given to dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or the payment of union agency fees without the benefit of union membership. *Janus*, 138 S. Ct. at 2486.

64.     If Plaintiffs' choice had been between paying union dues or paying nothing, they would have chosen to pay nothing. Therefore, Plaintiffs' alleged consent, compelled by the false information and false dichotomy given to them, was not "freely given." *Id*.

65.     Plaintiffs are entitled under 42 U.S.C. § 1983 to monetary damages from the Union in the amount of all dues and fair share fees deducted and remitted to the Union since the commencement of their employment.

## COUNT V: Injunction against exclusive representation

66.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

67.     "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus*, 138 S. Ct. at 2463.

68.     For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning . . . a law commanding 'involuntary affirmation' of objected-to beliefs would require 'even more immediate and urgent grounds' than a law demanding silence." *Janus*, 138 S. Ct. at 2464 (2018) (quoting *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 633 (1943)).

69.     Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Knox v. SEIU*, 567 U.S. 298, 310 (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984)) (internal quotation marks omitted).

70.     In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus,* 138 S. Ct. at 2460.

71.     California law expressly grants the unions the right to speak on Plaintiffs' behalf on matters of serious public concern, including the wages, hours, and other conditions of employment of public employees like Plaintiffs'. Cal. Gov't Code § 3562(q)(1). These topics are inherently political questions in the context of public sector unions. *Janus*, 138 S. Ct. 2473.

72.     Under color of state law, the Regents have designated the Union as Plaintiffs' exclusive representative for bargaining purposes and has negotiated the terms and conditions of Plaintiffs' employment with the Union. Cal. Gov't Code §§ 3570 and 3574.

73.     Under color of state law, the Union has acted as Plaintiffs' exclusive representative in negotiating the terms and conditions of their employment.

74.     This designation compels Plaintiffs to associate with the Union and, through its representation of them, it compels them to petition the government with a certain viewpoint, despite that viewpoint being in opposition to Plaintiffs' own goals and priorities for the State of California.

75.     Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Union immediately to stop serving as the exclusive representative of Plaintiffs for collective bargaining purposes.

76.     Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Regents immediately to stop recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes.

77.     Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering Becerra immediately to stop defending California laws recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes.

### **COUNT VI: Declaration against exclusive representation**

78.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

79.     Plaintiffs are entitled to a declaration from this Court that recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes is a violation of the First Amendment.

### **COUNT VII: Declaration that California exclusive representation statutes are unconstitutional**

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS

80. The allegations contained in all preceding paragraphs are incorporated herein by reference.

81. Under California law, the Regents shall recognize the Union as the exclusive representative of Plaintiffs if a majority of employees in the bargaining unit approve, and no other unions have been recognized. Cal. Gov't Code § 3574.

82. Under California law, the Regents shall meet and confer with the Union, which shall serve as the exclusive representative of Plaintiffs. Cal. Gov't Code § 3570.

83. Under California law, the Union must act as the exclusive representative of all employees in the bargaining unit, including Plaintiffs, whether they want to be represented by the Union or not. Cal. Gov't Code §§ 3571.1(e) and 3578.

84. Plaintiffs are entitled to a declaration under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) that Cal. Gov't Code §§ 3570, 3571.1(e), 3574, 3578, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for requiring the Union to serve as their exclusive representative for bargaining purposes.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

a. Enjoin the Union to withdraw Plaintiffs from union membership and to stop collecting dues from Plaintiffs' paychecks;

b. Enjoin the Regents from deducting dues from Plaintiffs' paychecks;

c. Enjoin Becerra from defending California laws allowing for the deduction of union dues from Plaintiffs' paychecks.

d. Declare that deducting union dues after a government employee has requested that they stop is a violation of the First Amendment.

e. Declare that Cal. Gov't Code §§ 1157.12, 3513(i), 3515, 3515.5, 3583, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for prohibiting

their immediate withdrawal from the Union and stoppage of their dues deductions.

   f.  Award monetary damages against the Union for all union dues and agency fees collected from Plaintiffs during their employment;

   g.  Enjoin the Union from serving as the exclusive representative of Plaintiffs for collective bargaining purposes;

   h.  Enjoin the Regents from recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes;

   i.  Enjoin Becerra from defending California laws recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes;

   j.  Declare that recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes is a violation of the First Amendment;

   k.  Declare that Cal. Gov't Code §§ 3570, 3571.1(e), 3574, 3578, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for requiring the Union to serve as their exclusive representative for bargaining purposes;

   l.  Award Plaintiffs their costs and attorneys' fees under 42 U.S.C. § 1988; and

   m.  Award Plaintiffs any further relief to which they may be entitled and such other relief as this Court may deem just and proper.

Dated: March 27, 2019           Respectfully submitted,

                          /s/ Mark W. Bucher
                          Mark W. Bucher
                          mark@calpolicycenter.org
                          CA S.B.N. # 210474
                          Law Office of Mark W. Bucher
                          18002 Irvine Blvd., Suite 108
                          Tustin, CA 92780-3321
                          Phone: 714-313-3706
                          Fax: 714-573-2297

/s/ Brian K. Kelsey
Brian K. Kelsey (Pro Hac Vice to be Filed)
bkelsey@libertyjusticecenter.org
Reilly Stephens (Pro Hac Vice to be Filed)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR
DEPRIVATION OF FIRST AMENDMENT RIGHTS