HANSON BRIDGETT LLP
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
WINSTON K. HU, SBN 306677
whu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Rhonda S. Goldstein #250387 *(Counsel for Service)*
rhonda.goldstein@ucop.edu
Shondella M. Reed #249039
University of California
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone: 510-987-9800
Facsimile:  510-987-9757

*Attorneys for Defendant*
JANET NAPOLITANO,
in her official capacity as President
of The University of California

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cara O'Callaghan and Jenée Misraje,<br><br>Plaintiffs,<br><br>v.<br><br>Janet Napolitano, in her official capacity as President of the University of California; Teamsters Local 2010; and Xavier Becerra, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No. 2:19-cv-02289-JVS (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:   September 9, 2019<br>Time:   1:30 p.m.<br>Crtrm.:  10C<br>Judge:  Hon. James V. Selna |

Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. ALLEGED FACTS ............................................................................................. 1

III. LEGAL STANDARD .......................................................................................... 2

IV. ARGUMENT ....................................................................................................... 2

    A. Plaintiffs' Suit Arises Out Of A Dispute With Their Union Over Issues Within The Exclusive Jurisdiction Of PERB And Must Be Dismissed As Against Ms. Napolitano Under FRCP 12(b)(1). .............. 2

    B. All Claims Against Ms. Napolitano Are Subject To Dismissal Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union Members Who Authorized Payroll Deductions. ...................................... 5

V. CONCLUSION .................................................................................................... 7

-i-   Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AFSCME Local 3299 v. The Regents of Univ. of California*,
  PERB Dec. No. 2300-H (December 20, 2012) ...................................................... 4

*Anderson v. California Faculty Assn.*,
  25 Cal. App. 4th 207 (1994) ................................................................................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 2

*Babb v. Cal. Teachers Ass'n*,
  378 F. Supp. 3d 857, 2019 WL 2022222 (C.D. Cal. May 8, 2019) ...................... 6

*Belgau v. Inslee*,
  359 F. Supp. 3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) ................................... 7

*Bell Atlantic Corp. v. Twombly*,
  500 U.S. 554 (2007) .............................................................................................. 2

*Cooley v. Cal. Statewide Law Enforcement Ass'n*,
  No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502 (E.D. Cal. July 9,
  2019) ................................................................................................................. 6, 7

*El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*,
  33 Cal. 3d 946 (1983) .......................................................................................... 5

*Janus v. Associated Federation of State, County, and Municipal
  Employees, Council 31*,
  138 S. Ct. 2448 (2018) ............................................................................... 1, 5, 6, 7

*Leek v. Washington Unified School Dist.*,
  124 Cal. App. 3d 43 (1981) ................................................................................. 4

*Link v. Antioch Unified School Dist.*,
  142 Cal. App. 3d 765 (1983) ............................................................................... 4

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................................................ 2

-ii-   Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

*San Diego Mun. Employees Assn. v. Superior Court*,
    206 Cal. App. 4th 1447 (2012) .................................................................. 4

*Sato v. Orange County Dept. of Ed.*,
    861 F.3d 923 (9th Cir. 2017) ..................................................................... 2

*Saul v. United States*,
    928 F.2d 829 (9th Cir. 1991) ..................................................................... 2

*Smith v. Superior Court*,
    No. 3:18-cv-5472-VC, 2018 WL 6072806 (N.D. Cal. Nov. 16,
    2018) ......................................................................................................... 6

*Stevenson v. Los Angeles Unified School District*,
    No. CV096497ODWPLAX, 2010 WL 11596479, at *3-4 (C.D. Cal.
    June 28, 2010) ........................................................................................... 5

*The Regents of Univ. of California v. Pub. Employment Relations Bd.*,
    168 Cal. App. 3d 937 (1985) ..................................................................... 3

**Statutes**

Cal. Gov't Code § 1150(f) ................................................................................. 5

Cal. Gov't Code § 1157.12 ................................................................................ 5

Cal. Gov't Code § 3560 ................................................................................ 3, 4

Cal. Gov't Code § 3563 ................................................................................ 3, 4

Cal. Gov't Code § 3563.2 .................................................................................. 3

Cal. Gov't Code § 3571(b) ................................................................................ 5

Cal. Gov't Code § 3571(c) ................................................................................ 5

Cal. Gov't Code § 3571.1(f) ...................................................................... 3, 4, 5

Cal. Gov't Code § 3571.1(g) ..................................................................... 3, 4, 5

Cal. Gov't Code § 3578 ................................................................................ 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ................................................................................ 1, 2

-iii-   Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 2, 5

-iv-   Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

# I.   INTRODUCTION

Defendant Janet Napolitano ("Ms. Napolitano"), sued in her official capacity as President of the University of California (the "University") requests that the Court dismiss the First Amended Complaint of Plaintiffs Cara O'Callaghan and Jenée Misraje ("Plaintiffs")[1] against her because the Court lacks subject matter jurisdiction, and because Plaintiffs have failed to state a claim upon which relief can be granted.  The Plaintiffs' real dispute here is with the Union, not against the University or Ms. Napolitano.  First, the California Public Employment Relations Board has exclusive jurisdiction over Plaintiffs' claims.  Second, Plaintiffs have failed to state a claim against Ms. Napolitano upon which relief can be granted because they voluntarily authorized payroll deductions; as a result, United States Supreme Court's decision in *Janus v. Associated Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not apply here.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), Plaintiffs' Complaint must be dismissed in its entirety against Defendant Ms. Napolitano.

# II.   ALLEGED FACTS

Plaintiff O'Callaghan alleges that she joined the Union on May 31, 2018, by signing an application to join the Union and authorizing the deduction of union dues from her paycheck.  (Compl. ¶16.)  Plaintiff Misraje alleges that, on July 27, 2015, she signed an application to join the Union and authorized the deduction of union dues from her paycheck.  (Compl. ¶26.)

Plaintiffs allege that they requested that their union membership be terminated, but the Union responded that, although they were free to resign their membership at any time, payroll deductions would continue until and unless they gave notice pursuant to the terms of their union applications.  (Compl. ¶¶17-18, 27-28, 31, 39.)

---

[1] Plaintiffs' First Amended Complaint is attached hereto as Exhibit 1, pursuant to Standing Order of Judge James V. Selna, pertaining to Motions under FRCP Rule 12.

Plaintiffs allege that, consistent with the Union's direction, the University has continued to deduct union dues from their paychecks. (Compl. ¶¶24, 41.)

## III.   LEGAL STANDARD

The Court must dismiss a case when it lacks subject matter jurisdiction or when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims that are preempted or barred due to the defendant's immunity. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see Sato v. Orange County Dept. of Ed.*, 861 F.3d 923, 927, fn. 2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion.").

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where the plaintiff fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 500 U.S. 554, 570 (2007). While courts must accept the material facts alleged in the complaint, along with all reasonable inferences to be drawn from those facts, as true, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ARGUMENT

**A.   Plaintiffs' Suit Arises Out Of A Dispute With Their Union Over Issues Within The Exclusive Jurisdiction Of PERB And Must Be Dismissed As Against Ms. Napolitano Under FRCP 12(b)(1).**

Because Plaintiffs' allegations of improper dues and scope of the Union's representation arise out of, and would form the basis for, unfair practice allegations against the Union under the Higher Education Employer-Employee Relations Act ("HEERA"), this lawsuit falls within the exclusive jurisdiction of the California Public Employment Relations Board ("PERB" or the "Board"). As such, Plaintiffs'

suit must be dismissed against Ms. Napolitano.

The University is a higher education employer pursuant to HEERA, the statute that grants collective bargaining rights to employees in the California State University and the University of California systems.  Cal. Gov't Code § 3560 et seq.  HEERA requires that any exclusive representative treats all these employees in the bargaining unit, whether union members or non-members, "fairly and impartially."  Cal. Gov't Code § 3578.

PERB is the administrative agency charged with administering the provisions of HEERA.  Cal. Gov't Code § 3563.  "In enacting HEERA, the Legislature, after noting that all other employees of the public school systems in the state had been granted the opportunity for collective bargaining, found it desirable to expand the jurisdiction of the Board [PERB] to cover the employees of the University of California, Hastings College of the Law, and the California State University."  *The Regents of Univ. of California v. Pub. Employment Relations Bd.*, 168 Cal. App. 3d 937, 943 (1985).  PERB was established with exclusive jurisdiction to adjudicate unfair labor practice charges: "The initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board."  Cal. Gov't Code § 3563.2.

PERB has been granted extensive powers to implement HEERA, which includes unfair practice claims brought against employee organizations, including unions.  For example, under HEERA, it is unlawful for an employee organization to require employees to pay fees "in an amount which the board finds excessive or discriminatory under all the circumstances."  Cal. Gov't Code § 3571.1(f).  It also is unlawful for an employee organization to "[c]ause, or attempt to cause, an employer to pay or deliver, or agree to pay or deliver, any money or other thing of value, in the nature of an exaction, for services which are not performed or are not to be performed."  Cal. Gov't Code § 3571.1(g).

Plaintiffs' allegations fall squarely within the purview of HEERA. They allege that the Union continues to charge them dues in an unfair or excessive manner, and they further allege that the Union has caused the employer (the University) to deliver the payment of union dues for services that Plaintiffs do not want performed – allegations that would sound in unfair practice charges against the Union under HEERA. *See* Cal. Gov't Code § 3571.1(f), (g).

PERB clearly has jurisdiction over allegations about improper or excessive fees charged by unions relating to union membership, as well as allegations regarding the scope of union representation. *See* Cal. Gov't Code § 3560 (describing HEERA's broad scope over labor relations issues involving University employees ); Cal. Gov't Code § 3563 (specifying PERB powers to determine disputed cases involving representation); Cal. Gov't Code § 3578 (setting forth union's duty of fair representation); *see also Anderson v. California Faculty Assn.*, 25 Cal. App. 4th 207, 211 (1994) (declaring that PERB has exclusive jurisdiction to determine unfair labor practice claims in suit against union defendants over breach of the duty of fair representation).

Furthermore, "[t]he mere fact that constitutional rights may be implicated or have some bearing on this dispute" does not divest the Board of its jurisdiction. *San Diego Mun. Employees Assn. v. Superior Court*, 206 Cal. App. 4th 1447, 1458, 1460 (2012) (claims seeking injunctive relief do not divest PERB of jurisdiction); see also, *AFSCME Local 3299 v. The Regents of Univ. of California*, PERB Dec. No. 2300-H, at pp. 14-15 (December 20, 2012) (citing *Leek v. Washington Unified School Dist.*, 124 Cal. App. 3d 43, 53 (1981) (Legislature intended that PERB exercise jurisdiction over matters that could be unfair practices or other violations of EERA, even if the claims also alleged constitutional violations) and *Link v. Antioch Unified School Dist.*, 142 Cal. App. 3d 765, 769 (1983) (same)).

Simply put, PERB's jurisdiction may be at issue even if the claims are not alleged as unfair practice charges. For instance, in *Stevenson v. Los Angeles Unified*

*School District*, this Court dismissed an assortment of claims filed in the Central District because the dispute alleged could have constituted unfair practices over which PERB has exclusive jurisdiction. No. CV096497ODWPLAX, 2010 WL 11596479, at *3-4 (C.D. Cal. June 28, 2010). Similarly, in *El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*, 33 Cal. 3d 946, 952-960 (1983), the California Supreme Court dismissed a tort suit for lack of jurisdiction based on the preemption doctrine because the claims arose out of alleged actions within PERB's exclusive jurisdiction. The Supreme Court invoked the preemption doctrine because the controversy presented to the court would require a decision as to whether the district had engaged in unfair labor practices, even though the claims were not alleged as such. *Id.* at 959.

So too, here. Neither the University nor its officials have the authority to interfere with Union's relationship or contractual agreements with past or present members. Instead, the real dispute lies between Plaintiffs and the Union. Plaintiffs' claims arise out of two simple issues: (1) the Union's refusal to terminate the continued collection of union dues from Plaintiffs; and (2) the scope and extent of the Union's ability to serve as the exclusive representative of Plaintiffs. At its essence, Plaintiffs' suit sounds in alleged unfair practice charges against the Union under HEERA. Cal. Gov't Code § 3571.1(f), (g). Accordingly, the allegations fall within the purview of PERB's exclusive jurisdiction, and are improperly brought against Ms. Napolitano in this forum.

**B.     All Claims Against Ms. Napolitano Are Subject To Dismissal Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union Members Who Authorized Payroll Deductions.**

State law requires the University to recognize the Union as the exclusive representative for bargaining unit members, to deduct union dues from their paychecks, and to rely on information provided by the employee organization regarding whether deductions for an employee organization were properly canceled or changed…." Cal. Gov't Code §§ 1150(f); 1157.12; 3571(b), (c).

/ / /

15738585.2

-5-     Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs challenge the constitutionality of these statutes on the grounds that the United States Supreme Court's decision in *Janus v. Associated Federation of State, County, and Municipal Employees*, *Council 31*, 138 S. Ct. 2448 (2018) prohibits the state employer's deduction of dues from employees' paychecks absent their consent. Yet, *Janus* does not require state employers to cease deductions for employees who had voluntarily entered into contracts to become dues-paying union members. To the contrary, such employees remain subject to the terms of those agreements under the laws governing contract formation and enforcement. Indeed, Plaintiffs' claimed injuries arise not from either the University's actions or from the state laws they challenge in this lawsuit – instead, they arise from Plaintiffs' own voluntary decision to join the Union and authorize payroll deductions.

Several federal district courts, including courts in the Northern, Eastern, and Central Districts of California, have agreed that the *Janus* decision does not entitle current or former union members, similarly situated to Plaintiff, to the relief they seek. *Babb v. Cal. Teachers Ass'n*, 378 F. Supp. 3d 857, 2019 WL 2022222, at *9 (C.D. Cal. May 8, 2019) (granting defendants' motion to dismiss because plaintiffs "voluntarily chose to pay membership dues in exchange for certain benefits"); *Cooley v. Cal. Statewide Law Enforcement Ass'n*, No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502, at *1 (E.D. Cal. July 9, 2019) (granting defendants' motion to dismiss because union was authorized to continue collecting agreed-upon dues from union member under valid and enforceable agreement); *Smith v. Superior Court*, No. 3:18-cv-5472-VC, 2018 WL 6072806, at *1 (N.D. Cal. Nov. 16, 2018) (*Janus* does not stand for the proposition that "any union member can change his mind at the drop of a hat, invoke the First Amendment, and renege on his contractual obligation to pay dues."), 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019) (granting defendants' motion to dismiss in same case because *Janus* "did not concern the relationship of unions and members; it concerned the relationship of unions and non-members"), *notice of appeal filed*, 19-16381 (Jul. 12, 2019); *see*

-6-   Case No. 2:19-cv-02289-JVS (DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

15738585.2

*also Belgau v. Inslee*, 359 F. Supp. 3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) ("The notion that the Plaintiffs may have made a different choice if they knew 'the Supreme Court [in *Janus*] would later invalidate public employee agency fee arrangements does not void their previous knowing agreements.") (citing *Cooley*, 2019 WL 331170, at *2), *notice of appeal filed*, 19-35137 (Feb. 20, 2019).

As such Plaintiffs fail to state a claim against Ms. Napolitano upon which relief can be granted.

## V.   CONCLUSION

For the reasons stated above, Ms. Napolitano requests this Court to grant its Motion to Dismiss Plaintiffs' First Amended Complaint against Ms. Napolitano, with prejudice.

DATED:  August 12, 2019                     HANSON BRIDGETT LLP

By: _____ */s/ Gilbert J. Tsai* _____
DOROTHY S. LIU
GILBERT J. TSAI
WINSTON K. HU
*Attorneys for Defendant*
JANET NAPOLITANO,
in her official capacity as President
of The University of California

15738585.2

-7-   Case No. 2:19-cv-02289-JVS (DFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT