Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Pro Hac Vice* ~~Application to be Filed~~)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice* ~~Application to be Filed~~)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cara O'Callaghan and Jenée Misraje,<br><br>Plaintiffs,<br><br>v.<br><br>~~Regents~~Janet Napolitano, in her official capacity as President of the University of California; Teamsters Local 2010; and Xavier Becerra, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No. ~~—————~~ 2:19-cv-02289-JVS-DFM<br><br>**FIRST AMENDED** COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS |

## INTRODUCTION

1. Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2. Defendants have limited Plaintiffs' withdrawal from their governmental union to an arbitrary window of time and insist that Plaintiffs can only exercise their First Amendment rights at that time.

3. Union dues deduction authorizations signed by government employees in California before the Supreme Court's decision in *Janus* cannot constitute affirmative consent by those employees to waive their First Amendment right not to pay union dues or fees. Union members who signed such agreements could not have freely waived their right to not join or pay a union because the Supreme Court had not yet recognized that right.

4. Government employees also have a First Amendment right of freedom of association not to be represented in collective bargaining negotiations by a group that they disagree with. The First Amendment protects "[t]he right to eschew association for expressive purposes," *Janus*, 138 S. Ct. at 2463, and "[f]reedom of association . . . plainly presupposes a freedom not to associate." *Roberts v. United States Jaycees*, 468 U. S. 609, 623 (1984).

5. The State of California is violating Plaintiffs' First Amendment rights to free speech and freedom of association through its laws that require employees to associate with labor unions and to require that those unions be the "exclusive representative" of all employees. Cal. Gov't Code §§ 3570, 3571.1(e), 3574, and 3578.

6. Therefore, Plaintiffs bring this case under 42 U.S.C § 1983 and 28 U.S.C. § 2201(a), seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from their paychecks.

## PARTIES

7. Plaintiff Cara O'Callaghan ("O'Callaghan") is the finance manager of the Sport Club program, employed by the Department of Recreation at the University of California, Santa Barbara ("UCSB"). She resides in Santa Barbara County, California.

8. Plaintiff Jenée Misraje ("Misraje") is an administrative assistant employed in the Geography Department at the University of California, Los Angeles ("UCLA"). She resides in Los Angeles County, California.

9. Defendant ~~Regents of~~Janet Napolitano ("Napolitano") is sued in her official capacity as the ~~University of California (the "Regents") are the governing board~~President of the University of California system. ~~They are sued in their official capacity.~~ UCLA and UCSB are campuses of the University of California system overseen by ~~the Regents~~Napolitano. The Office of the General Counsel of the Regents of the University of California is authorized to accept ~~of~~ service of process on ~~the Regents~~Napolitano at 1111 Franklin Street, 8th Floor, Oakland, California 94607 in Alameda County, California.

10. Defendant Teamsters Local 2010 (the "Union") is a labor union with offices in this district at 9900 Flower Street, Bellflower, California 90706 in Los Angeles County, California.

11. Defendant Attorney General Xavier Becerra (the "Attorney General") is sued in his official capacity as the representative of the State of California charged with the enforcement of state laws, including the provisions challenged in this case. His address for service of process is 300 South Spring Street, Los Angeles, California, 90013 in Los Angeles County.

## JURISDICTION AND VENUE

12. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

13. Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Central District of California. 28 U.S.C. 1391(b)(2).

**FACTS**

14. O'Callaghan was employed by UCSB from 2000 to 2004 and has been continuously employed by UCSB since August 2009.

15. When O'Callaghan began her latest stint of employment at UCSB, she did not join the Union but, instead, was forced to pay agency, or "fair share," fees to the Union.

16. On May 31, 2018, a Union representative came to O'Callaghan's workplace and pressured workers to join the Union. The Union representative did not inform O'Callaghan of the impending decision in *Janus* and the important effects it would have on her rights as a public employee. O'Callaghan relied on this lack of information and signed an application joining the Union and authorizing it to deduct union dues from her paycheck.

17. On July 25, 2018, upon learning of the *Janus* decision of June 27, 2018, O'Callaghan sent a letter to the Union resigning from the Union. The same day she sent a letter to UCSB requesting that it stop deducting union dues from her paycheck.

18. In a letter dated July 24, 2018, the Union responded that she was free to resign her membership at any time; however, her payroll deductions would continue until and unless she gave notice pursuant to the terms of the collective bargaining agreement between the Union and UCSB. The letter did not explain what those terms were.

19. Under the terms of the collective bargaining agreement, notice was required to be written and sent via U.S. mail to both the Union and UCSB during the thirty days prior to the expiration of their collective bargaining agreement, which would not occur until March 31, 2022—almost four years from the time of her request!

20. On October 16, 2018, Liberty Justice Center sent a letter to UCSB demanding that it immediately stop deducting union dues from O'Callaghan's paycheck.

21. On October 24, 2018, UCSB referred the Liberty Justice Center letter to the Union via e-mail.

22. On November 9, 2018, the Union confirmed to UCSB via e-mail that it should continue to deduct union dues from O'Callaghan's paycheck.

23. On November 29, 2018, UCSB sent a letter to Liberty Justice Center stating that it would continue to deduct union dues from O'Callaghan's paycheck.

24. ~~The Regents have~~Napolitano has deducted union dues and agency fees from O'Callaghan's paychecks since she began employment in 2000 and have, on information and belief, remitted those dues to the Union. ~~The Regents~~Defendants continue to deduct those dues, now approximately forty-one ($41) dollars per month, despite O'Callaghan's repeated requests that the deductions be stopped.

25. Misraje has been employed by UCLA since May 2015.

26. On July 27, 2015, Misraje signed an application joining the Union and authorizing it to deduct dues from her paycheck.

27. On August 8, 2018, Misraje sent a letter to the Union requesting to withdraw her union membership.

28. On August 9, 2018, the Union responded to Misraje via e-mail that she would be dropped as a full member of the Union, but she could not end the deduction of union dues from her paycheck except during a time window. The Union did not explain to her when that time window would occur.

29. On August 27, 2018, Misraje sent an e-mail to the Union, requesting that it immediately terminate her union membership and stop deducting union dues from her paycheck. She also sent an e-mail to UCLA, requesting it to stop deducting union dues from her paycheck.

30. On the same day, UCLA responded that it could not grant her request because all such requests must come through the Union under California law.

31. On the same day, the Union replied~~,~~ that Misraje was no longer a member of the Union but that she could not end the deduction of union dues from her paycheck except during a time window.

Case No. 2:19-cv-02289-JVS-DFM  5
FIRST AMENDED COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

32. On October 11, 2018, Misraje, once again, sent an e-mail to the Union requesting that it withdraw her membership and stop deducting union dues from her paycheck.

33. On the same day, the Union responded that her membership had been terminated; however, the Union continued to receive dues deducted from her paycheck.

34. On November 8, 2018, Misraje requested again through an e-mail to UCLA that it stop deducting union dues from her paycheck.

35. On the same day, UCLA responded that it could not grant her request because all such requests must come through the Union under California law.

36. On November 29, 2018, Misraje sent another e-mail to the Union requesting that it stop deducting union dues from her paycheck.

37. On November 30, 2018, Misraje followed up the previous day's e-mail with a letter to the Union requesting that it stop deducting union dues from her paycheck. She also sent a letter to UCLA requesting the same.

38. On December 5, 2018, UCLA sent an e-mail to Misraje rejecting her request again.

39. On December 7, 2018, the Union responded that Misraje was free to resign her membership at any time; however, her payroll deductions would continue until and unless she gave notice pursuant to the terms of her union application.

40. Under the terms of the union application Misraje signed on July 27, 2015, notice is required to be written and sent to both the Union and UCLA during a fifteen-day window "at least sixty (60) days, but not more than seventy-five (75) days" before the anniversary date of the signed agreement.

41. ~~The Regents have~~Napolitano has deducted union dues from Misraje's paychecks since she began employment in May 2015 and ~~have~~has, on information and belief, remitted those dues to the Union. ~~The Regents continue~~Napolitano continues to deduct those dues, now approximately fifty-three ($53) dollars per month, despite Misraje's repeated requests that the deductions be stopped.

42. On March 27, 2019, O'Callaghan and Misraje (collectively, "Plaintiffs") filed this lawsuit to assert their rights.

43. The Union contends that Napolitano and they will stop deducting dues from Misraje on July 27, 2019; however, the Union asserts that dues will be deducted from O'Callaghan for three more years.

44. Plaintiffs initially filed this Complaint naming the Regents of the University of California as the state actors responsible for deducting dues from Plaintiffs' paychecks. In their Motion to Dismiss (Dkt. 44), the Regents asserted that they are entitled to sovereign immunity. While Plaintiffs continue to dispute this assertion, in the interest of reaching the merits of this case, they now file this First Amended Complaint, voluntarily dismissing the Regents as Defendants and naming as a Defendant, instead, Napolitano in her official capacity as President of the University because she is the person subject to an Order of this Court enjoining the withholding of union dues from her employees' paychecks and enjoining her from recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes.

### COUNT I: Injunction against dues deduction

45. The allegations contained in all preceding paragraphs are incorporated herein by reference.

46. 42 U.S.C. § 1983 provides a cause of action for injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

47. The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. *Janus*, 138 S. Ct. at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

Case No. 2:19-cv-02289-JVS-DFM 7
FIRST AMENDED COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

45.48. ~~O'Callaghan and Misraje (collectively, "~~Plaintiffs~~")~~ do not affirmatively consent to remaining members of the Union or to having union dues or fees deducted from their paychecks by ~~the Regents~~Napolitano and the Union.

46.49. ~~The Regents are~~Napolitano is a state ~~actors~~actor and ~~are~~is deducting union dues from Plaintiffs' paychecks under color of state law.

47.50. The Union is acting in concert with ~~the Regents~~Napolitano to collect union dues from Plaintiffs' paychecks without their consent and to prohibit Plaintiffs from withdrawing from the Union. In acting in concert with ~~the Regents~~Napolitano, the Union is acting under color of state law because it is utilizing the state payroll system to exact its dues and is acting pursuant to an exclusive collective bargaining agreement negotiated with a state entity.

48.51. Becerra is a state actor, who is ~~defending~~enforcing California laws allowing for the deduction of dues from Plaintiffs' paychecks without their affirmative consent under color of state law.

49.52. Forcing Plaintiffs to be members of the Union and to pay dues or fees to the Union violates their First Amendment rights to free speech and freedom of association. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018).

50.53. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Union immediately to withdraw their membership and to stop deducting union dues or fees from their paycheck.

51.54. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering ~~the Regents~~Napolitano to immediately to stop deducting union dues from their paycheck.

52.55. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering Becerra to immediately to stop ~~defending~~enforcing California laws allowing for the deduction of dues from Plaintiffs' paychecks without their affirmative consent.

**COUNT II: Declaration against dues deduction**

53.56. The allegations contained in all preceding paragraphs are incorporated herein by reference.

54.57. 28 U.S.C. § 2201(a) allows a court of the United States, as a remedy, to declare the rights and other legal relations of interested parties.

55.58. Plaintiffs are entitled to a declaration from this Court that deducting union dues after a government employee has requested that they stop is a violation of the First Amendment.

**COUNT III: Declaration that California dues deduction statutes are unconstitutional**

56.59. The allegations contained in all preceding paragraphs are incorporated herein by reference.

57.60. Under California law, government employers are instructed to rely on unions to determine which employees have authorized dues deductions, and employee requests to stop deductions must be directed to the union rather than to the employer. Cal. Gov't Code §1157.12.

58.61. Under California law, unions may adopt reasonable provisions regarding the dismissal of members from the union. Cal. Gov't Code § 3515.5.

59.62. Under California law, unions may adopt a "maintenance of membership provision" regarding how and when government employees can withdraw from a union. Cal. Gov't Code § 3515.

60.63. Under California law, government employees can be forced to remain members of a union without their consent, as long as the collective bargaining memorandum of understanding contains a "maintenance of membership" provision, which must allow employees to withdraw from the union only thirty days prior to the expiration of the memorandum by signing a withdrawal letter to the union and to the Controller. Cal. Gov't Code §§ 3513(i) and 3583.

61.64. Plaintiffs are entitled to a declaration from this Court that Cal. Gov't Code §§ 1157.12, 3513(i), 3515, 3515.5, 3583, and all related provisions constitute an

unconstitutional violation of their First Amendment rights to free speech and freedom of association for prohibiting their immediate withdrawal from the Union and stoppage of their dues deductions.

### COUNT IV: Refund of union dues

~~62.~~65. The allegations contained in all preceding paragraphs are incorporated herein by reference.

~~63.~~66. Because Plaintiffs were not given the option of paying nothing to the Union as ~~a~~ non-~~member~~members of the Union, they could not have provided affirmative consent to join the Union. Any consent that Plaintiffs may have given to dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or the payment of union agency fees without the benefit of union membership. *Janus*, 138 S. Ct. at 2486.

~~64.~~67. If Plaintiffs' choice had been between paying union dues or paying nothing, they would have chosen to pay nothing. Therefore, Plaintiffs' alleged consent, compelled by the false information and false dichotomy given to them, was not "freely given." *Id*.

~~65.~~68. Plaintiffs are entitled under 42 U.S.C. § 1983 to monetary damages from the Union in the amount of all dues and fair share fees deducted and remitted to the Union since the commencement of their employment.

### COUNT V: Injunction against exclusive representation

~~66.~~69. The allegations contained in all preceding paragraphs are incorporated herein by reference.

~~67.~~70. "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus*, 138 S. Ct. at 2463.

~~68.~~71. For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning

. . . a law commanding 'involuntary affirmation' of objected-to beliefs would require 'even more immediate and urgent grounds' than a law demanding silence." *Janus*, 138 S. Ct. at 2464 (2018) (quoting *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 633 (1943)).

69.72. Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Knox v. SEIU*, 567 U.S. 298, 310 (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984)) (internal quotation marks omitted).

70.73. In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus,* 138 S. Ct. at 2460.

71.74. California law expressly grants the unions the right to speak on Plaintiffs' behalf on matters of serious public concern, including the wages, hours, and other conditions of employment of public employees like Plaintiffs'. Cal. Gov't Code § 3562(q)(1). These topics are inherently political questions in the context of public sector unions. *Janus*, 138 S. Ct. 2473.

72.75. Under color of state law, the Regents haveNapolitano has designated the Union as Plaintiffs' exclusive representative for bargaining purposes and has negotiated the terms and conditions of Plaintiffs' employment with the Union. Cal. Gov't Code §§ 3570 and 3574.

73.76. Under color of state law, the Union has acted as Plaintiffs' exclusive representative in negotiating the terms and conditions of their employment.

74.77. This designation compels Plaintiffs to associate with the Union and, through its representation of them, it compels them to petition the government with a certain

viewpoint, despite that viewpoint being in opposition to Plaintiffs' own goals and priorities for the State of California.

~~75.~~78. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering the Union immediately to stop serving as the exclusive representative of Plaintiffs for collective bargaining purposes.

~~76.~~79. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering ~~the Regents~~Napolitano immediately to stop recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes.

~~77.~~80. Plaintiffs are entitled to an injunction under 42 U.S.C. § 1983 ordering Becerra immediately to stop defending California laws recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes.

**COUNT VI: Declaration against exclusive representation**

~~78.~~81. The allegations contained in all preceding paragraphs are incorporated herein by reference.

~~79.~~82. Plaintiffs are entitled to a declaration from this Court that recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes is a violation of the First Amendment.

**COUNT VII: Declaration that California exclusive representation statutes are unconstitutional**

~~80.~~83. The allegations contained in all preceding paragraphs are incorporated herein by reference.

~~81.~~84. Under California law, ~~the Regents~~Napolitano shall recognize the Union as the exclusive representative of Plaintiffs if a majority of employees in the bargaining unit approve, and no other unions have been recognized. Cal. Gov't Code § 3574.

82.85. Under California law, ~~the Regents~~Napolitano shall meet and confer with the Union, which shall serve as the exclusive representative of Plaintiffs. Cal. Gov't Code § 3570.

83.86. Under California law, the Union must act as the exclusive representative of all employees in the bargaining unit, including Plaintiffs, whether they want to be represented by the Union or not. Cal. Gov't Code §§ 3571.1(e) and 3578.

84.87. Plaintiffs are entitled to a declaration under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) that Cal. Gov't Code §§ 3570, 3571.1(e), 3574, 3578, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for requiring the Union to serve as their exclusive representative for bargaining purposes.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

a. Enjoin the Union to withdraw Plaintiffs from union membership and to stop collecting dues from Plaintiffs' paychecks;

b. Enjoin ~~the Regents~~Napolitano from deducting dues from Plaintiffs' paychecks;

c. Enjoin Becerra from defending California laws allowing for the deduction of union dues from Plaintiffs' paychecks.

d. Declare that deducting union dues after a government employee has requested that they stop is a violation of the First Amendment.

e. Declare that Cal. Gov't Code §§ 1157.12, 3513(i), 3515, 3515.5, 3583, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for prohibiting their immediate withdrawal from the Union and stoppage of their dues deductions.

f. Award monetary damages against the Union for all union dues and agency fees collected from Plaintiffs during their employment;

g. Enjoin the Union from serving as the exclusive representative of Plaintiffs for collective bargaining purposes;

h. Enjoin ~~the Regents~~<ins>Napolitano</ins> from recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes;

i. Enjoin Becerra from defending California laws recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes;

j. Declare that recognizing the Union as the exclusive representative of Plaintiffs for collective bargaining purposes is a violation of the First Amendment;

k. Declare that Cal. Gov't Code §§ 3570, 3571.1(e), 3574, 3578, and all related provisions constitute an unconstitutional violation of Plaintiffs' First Amendment rights to free speech and freedom of association for requiring the Union to serve as their exclusive representative for bargaining purposes;

l. Award Plaintiffs their costs and attorneys' fees under 42 U.S.C. § 1988; and

m. Award Plaintiffs any further relief to which they may be entitled and such other relief as this Court may deem just and proper.

Dated: ~~March 27~~<ins>June 14</ins>, 2019            Respectfully submitted,

/s/ Mark W. Bucher
Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

/s/ Brian K. Kelsey
Brian K. Kelsey (Pro Hac Vice ~~to be Filed~~)
bkelsey@libertyjusticecenter.org
Reilly Stephens (Pro Hac Vice ~~to be Filed~~)
rstephens@libertyjusticecenter.org
Liberty Justice Center

190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

Case No. 2:19-cv-02289-JVS-DFM              15
FIRST AMENDED COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS